FILED
CLERK, U.S. DISTRICT COURT
SEP - 4 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>TREVOR JAMES KIRK,<br><br>          Defendant. | CR No. 2:24-CR-00527-SVW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 242: Deprivation of Rights Under Color of Law] |

The Grand Jury charges:

[18 U.S.C. § 242]

A.    INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

**Excessive Force Incident Against Victim J.H.**

1.   The Los Angeles County Sheriff's Department ("LASD") was a state law enforcement agency within the Central District of California.  LASD deputies were sworn law enforcement officers.

2.   Defendant TREVOR JAMES KIRK was a sworn LASD deputy assigned to work at an LASD station in Lancaster, California.

3.   Victim J.H. was a 58-year-old Black female.

4.   D.B. was a 56-year-old Black male.

5. On or about June 24, 2023, defendant KIRK and another LASD deputy ("Deputy A") responded to a call for service at a grocery store in Lancaster. LASD dispatch said there was a "211 now," referring to the California Penal Code section for robbery, and provided a description of two suspects matching D.B. and Victim J.H. There was no allegation that either D.B. or Victim J.H. had a weapon.

6. In the parking lot of the grocery store, Deputy A encountered D.B. holding a cake he had lawfully purchased at the grocery store. Defendant KIRK and Deputy A proceeded to handcuff and detain D.B. and allowed Victim J.H. to remain in the driver's seat of her car behind defendant KIRK.

7. Victim J.H. then got out of her car, stood in the parking lot, and filmed defendant KIRK and Deputy A handcuff D.B. As Victim J.H. filmed D.B.'s detention, Victim J.H. told defendant KIRK and Deputy A that they had a legal obligation to inform D.B. of the basis for his detention. Victim J.H. visibly held out her phone and told defendant KIRK and Deputy A that her video of them was being broadcast on social media.

8. Defendant KIRK approached Victim J.H. Without giving any commands to Victim J.H., defendant KIRK attempted to grab Victim J.H.'s phone. Victim J.H. turned away from defendant KIRK, and defendant KIRK was unable to seize Victim J.H.'s phone. Defendant KIRK grabbed Victim J.H. by her arm, hooked his left hand behind her neck, and violently threw Victim J.H. to the ground.

9. While on the ground, defendant KIRK yelled at Victim J.H. to "get on the ground." Victim J.H. responded, "It's already on YouTube Live," implying that her video of defendant KIRK and

Deputy A handcuffing D.B. had already been made public. Defendant KIRK replied, "Stop, I don't give a sh . . . . Stop."

10. Defendant KIRK then placed his knee on Victim J.H.'s shoulder. When Victim J.H. yelled at defendant KIRK to "stop" and called him an expletive, he cocked his right arm back with a clenched fist and said, "Stop or you're gonna get punched in the face."

11. Victim J.H. told defendant KIRK that she would sue him if he punched her. Victim J.H. also said, "I got it on camera," again referencing that she had recorded D.B.'s detention. Defendant KIRK said, "Stop. Turn around," and then pressed his knee into Victim J.H.'s neck. Victim J.H. said, "Get your neck off my . . . off my . . . I can't breathe."

12. While on top of Victim J.H., defendant KIRK used his LASD radio to misleadingly report that he was "in a fight."

13. Shortly thereafter, without giving any additional commands to Victim J.H., defendant KIRK sprayed Victim J.H. twice in the face with oleoresin capsicum ("OC") spray, also known as "pepper spray."

**Injuries to Victim J.H. as a Result of Excessive Force**

14. Victim J.H. received medical treatment at a hospital approximately 40 minutes after the assault. In addition to physical pain, Victim J.H. suffered a blunt head injury, contusions and abrasions on multiple parts of her body, chemical conjunctivitis, and contact dermatitis, among other physical injuries.

**Misleading LASD Report to Conceal Excessive Force**

15. Defendant KIRK later drafted and submitted to LASD a misleading report in which he portrayed Victim J.H. as a threat to his physical safety. Defendant KIRK misleadingly claimed, among

3

1  other things, that Victim J.H. assaulted him, attempted to hit him,
2  and took a "fighting" or "blading" stance.
3  ///
4  ///
5  ///

B. <u>DEPRIVATION OF RIGHTS UNDER COLOR OF LAW</u>

16. On or about June 24, 2023, in Los Angeles County, within the Central District of California, defendant TREVOR JAMES KIRK, then a sworn law enforcement officer employed by LASD, while acting under color of law, assaulted Victim J.H., including with a dangerous weapon, namely, OC or pepper spray, and caused bodily injury to Victim J.H., and thereby willfully deprived Victim J.H. of rights secured and protected by the Constitution and the laws of the United States, namely, the right to be free from the use of unreasonable and unnecessary force by a law enforcement officer.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Public Corruption
and Civil Rights Section

CASSIE D. PALMER
Assistant United States Attorney
Deputy Chief, Public Corruption
and Civil Rights Section

ELI A. ALCARAZ
Assistant United States Attorney
Public Corruption and Civil
Rights Section