UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  2:24-cr-00527-SVW                                            Date: April 18, 2025

Present: The Honorable:   Stephen V. Wilson, U.S. District Judge

Interpreter     NA

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Trevor Kirk | | | X | N/A | | | |

**Proceedings:**  ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL [63]

### I. Introduction

Before the Court is Defendant Trevor James Kirk's motion for judgment of acquittal. ECF No. 63. For the following reasons, Defendant's motion is DENIED.

### II. Background

Plaintiff the United States of America ("Plaintiff" or "the Government") charged Defendant with violating 18 U.S.C. § 242, alleging that he deprived Jacy Houseton ("hereinafter "J.H." or "Victim") of her constitutional right to be free from excessive force under the color of law. ECF No. 1. The Court held a three-day jury trial between February 4 and 6, 2025. ECF Nos. 43, 45, 50. Following the trial, the jury found that Defendant was guilty. Defendant now moves the Court to set aside that verdict and enter a judgment of acquittal on the grounds that there was insufficient evidence to support the jury's verdict. ECF No. 63.

### III. Legal Standard

Under Federal Rule of Criminal Procedure 29, a court may set aside a jury's guilty verdict and enter a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 26(a), (c). To evaluate whether there is sufficient evidence to support a jury verdict, courts "determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). This determination breaks down into a "two-step inquiry." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

"First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *Id.* at 1164. In so doing, the court "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *Id.* "Rather, when 'faced with a record of historical facts that supports conflicting inferences,' a reviewing court 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson*, 443 U.S. at 326). Indeed, "the government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or 'rule out every hypothesis except that of guilt beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 326).

"Second, after viewing the evidence in light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). At this step, "a reviewing court may not ask itself whether *it* believes that the evidence at the trial establish guilt beyond a reasonable doubt," but rather "only whether *any* rational trier of fact could have made that finding." *Id.* (cleaned up) (emphasis in original). Only where "mere speculation, rather than reasonable inference, supports the government's case, or where there is a total failure of proof of a requisite element," have courts found evidence legally insufficient. *Id.* at 1156.

IV.     Discussion

At trial, the jury found each of the four elements of 18 U.S.C. § 242 beyond a reasonable doubt: "(1) Jacy Houseton was in the State of California; (2) Defendant there deprived Jacy Houseton of a right which is secured or protected by the Constitution or laws of the United States—in this case, Jacy Houseton's right to be free from the use of unreasonable or excessive force; (3) Defendant acted under the color of law when depriving Jacey Houseton of a constitutional right; and (4) Defendant acted willfully to deprive Houseton of such a right." ECF No. 53.

Defendant challenges just two of these elements: (1) that Defendant deprived J.H. of her right to be free from the use of unreasonable or excessive force; and (2) that Defendant acted willfully. If the Court finds that there was insufficient evidence to support either element, the Court must set aside the jury's verdict. There is insufficient evidence to support one of these elements if, viewing "the evidence presented at trial in the light most favorable to the prosecution," no "rational trier of fact" could have found that the government proved that element beyond a reasonable doubt. *See Nevils*, 598 F.3d at 1164.

The Court will address each of the two challenged elements in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

    A. **Use of Excessive Force**

Up first for the Court is whether the government presented evidence sufficient to support a finding that Defendant deprived J.H. of her right to be free from the use of unreasonable or excessive force. Put simply, the Court must determine whether there was evidence sufficient to support a jury finding that Defendant used "objectively unreasonable" force on J.H. *See* Jury Instruction on the Elements of 18 U.S.C. 242, ECF No. 53 at 10.

The Court finds that, yes, there was sufficient evidence. The Government presented extensive body cam footage of the incident between Defendant and J.H. That footage revealed that, prior to Defendant's use of force, J.H. was filming Defendant and his fellow officer handcuff J.H.'s associate, Damon Barnes. From her appearance and demeanor, a jury could rationally find that she was not actively committing a crime[1] or holding a weapon. When Defendant first approached J.H., he did not provide any commands or try to de-escalate the situation. Rather, he threw her to the ground, pinned her there, and pepper sprayed her face two times. *See* Government Exhibit ("GEX") 5, 36, 46, 52, 65. This footage—which the Court must view in the light most favorable to the Government—is alone sufficient for a rational juror to find that Defendant used objectively unreasonable force.[2]

Moreover, the Government presented more evidence than just the body-cam footage. It also provided evidence that Defendant's use of force violated LASD policy—a fact the jury could reasonably rely on when concluding that his use of force was objectively unreasonable. For example, Sergeant Opina testified that deputies are trained to use force as a "last resort" and that they are obligated, when feasible, to use de-escalation techniques and "alternates other than force." Trial Day 2 Transcript 13:3-23, 15:3-19:10. ECF No. 59. The jury also heard testimony that deputies are trained to only use pepper spray when they encounter "active resistance plus a threat." *Id.* at 34:15-36:19.

From the body-cam footage, the jury could have reasonably inferred that Defendant did not follow this training. The jury could have reasonably found that "alternates other than force" were "feasible" in this situation, as J.H. did not have a weapon, did not attack Defendant, was not attempting to flee, and was not actively committing a crime. The jury could have also reasonably found that Defendant's use of pepper spray violated LASD policy, as the evidence was sufficient for the jury to conclude that Defendant did not encounter "active

---

[1] To be sure, the jury heard evidence that Defendant was responding to a robbery call. So it is certainly reasonable to conclude that Defendant may have been wary of J.H., as he had reason to believe she had just committed a crime. But even if she had in fact committed a robbery, the bodycam footage was sufficient for a jury to find that J.H. was not actively committing a crime at the time Defendant used force.

[2] The Court notes that Defendant is certainly correct that he had the right to detain J.H. and did not have an obligation to negotiate with her. But that Defendant had the right to detain J.H. does not mean that a jury cannot rationally find that he used unreasonable force in the process of detaining her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

resistance plus a threat."[3] In sum, there was sufficient evidence to find that Defendant's use of force violated LASD policy, which in turn is further evidence that Defendant used objectively unreasonable force.

Defendant's arguments to the contrary are unpersuasive. Defendant highlights portions of the bodycam footage that purportedly show that J.H. "swung her arm and hit" Defendant prior to his use of force. Def. Mot. to Set Aside at 4, ECF No. 63. But while bodycam footage certainly shows J.H. swiping her arm down around the time that Defendant makes contact with her, the Court must view the evidence in the light most favorable to the Government. Viewing the bodycam footage in that view, the jury could reasonably find that J.H. did not swing at Defendant. Rather, Defendant grabbed J.H.'s arm first, and then J.H. reflexively swiped her hand down through the air without hitting Defendant. *See* GEX 5, 36, 45.

That Defendant takes a different view of the bodycam footage is immaterial. When evaluating evidence that "supports conflicting inferences, a reviewing court must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Nevils*, 598 F.3d at 1164. So yes, maybe a jury could have made a different inference based on the bodycam footage and other evidence presented by Defendant. But no matter the inferences the jury could have made, the evidence is nonetheless sufficient to support a finding that Defendant used objectively unreasonable force.

### B. Willfulness

Next, Defendant challenges the sufficiency of the evidence supporting the jury's finding that Defendant used objectively unreasonable force willfully. For the jury to find willfulness, they had to find, beyond a reasonable doubt, that Defendant acted "voluntarily and intentionally, with a specific intent . . . to use more force than is necessary under the circumstances." Jury Instructions at 11, ECF No. 53.

Upon review of the evidence presented at trial, the Court holds that there was sufficient evidence to support a jury finding of willfulness. First, the jury heard evidence that Defendant received hundreds of hours of training on the use-of-force, force prevention, and de-escalation. Trial Day 2 Transcript at 5:17-7:6, 32:3-16; GEX 101-103. Not only did Defendant receive this training, but it was fresh of mind. The jury heard evidence that, just three weeks before the incident, Defendant learned that his station was recommended to receive a station-wide de-escalation briefing. From this extensive training, the jury could reasonably infer that Defendant understood that he should have tried to de-escalate the situation with J.H. before using force. That Defendant nonetheless used force on J.H. without attempting to de-escalate is evidence that he intended to use unreasonable force.

---

[3] The Court acknowledges that the evidence was mixed on this point. J.H. was moving around while Defendant was pinning her to the ground, and she was not immediately complying with his instruction to stop moving. But the question is not whether the Court would have found that J.H. has actively resisting. The question is whether there was sufficient evidence for the jury to conclude that J.H. did not actively resist. The answer to that question, based on bodycam footage the Court must interpret in the light most favorable to the Government, is yes—there was sufficient evidence to conclude that J.H. did not actively resist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Second, the jury heard evidence that Defendant treated J.H. differently than Deputy Alejandre treated J.H.'s counterpart, Damon Barnes. The jury saw bodycam footage showing that, when Deputy Alejandre first approached Damon Barnes, he attempted to de-escalate the situation through verbal commands. GEX 1, 5, 47. Then Deputy Alejandre, together with Defendant, handcuffed Barnes without using force. *Id.* From this footage the jury could infer that Defendant understood that force was not necessary to detain a robbery suspect who was not actively committing a crime. That Defendant held this understanding and yet still threw J.H. to the ground and pepper sprayed her face is further evidence from which a jury could conclude that he intentionally used more force than was necessary under the circumstances.

Defendant's argument to the contrary is essentially that the jury heard evidence that could support a finding that his use of force was reasonable. But Defendant misunderstands the standard applicable to a motion to set aside judgment. This is not closing argument, where Defendant may convince the jury to emphasize evidence favorable to his case and disregard evidence that is not. This is a motion to set aside the verdict. At this posture, the question is not whether there was evidence sufficient to support Defendant's preferred verdict. It is not even whether the Court itself "believes that the evidence at . . . trial establish[ed] guilt beyond a reasonable doubt." *Nevils*, 598 F.3d at 1164. Rather, it is "whether *any* rational trier of fact could have made" the jury's finding. *Id.* (emphasis in original). As explained above, there was indeed evidence sufficient for a "rational trier of fact" to find that Defendant acted willfully. And while Defendant may disagree with the jury's interpretation of the evidence, that is not enough to take away the jury's verdict. Only where "mere speculation, rather than reasonable inference, supports the government's case," will the court find evidence legally insufficient. *See id.* at 1156. Defendant has not made that showing here.

### IV.    Conclusion

For the foregoing reasons, Defendant's motion to set aside the verdict is DENIED.

**IT IS SO ORDERED.**

|  | Initials of Deputy Clerk | : |
|---|---|---|
|  |  | PMC |