BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0363
     Facsimile: (213) 894-6436
     E-mail:    cassie.palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>STEVEN ARTHUR LANKFORD,<br>GLEN LOUIS COZART,<br>MAX SAMUEL BENNETT TURBETT, and<br>MATTHEW PHILLIP HART,<br><br>          Defendants. | No. 8:24-CR-00077(A)-WLH<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT FPTC DATE:**   09/19/25<br>**CURRENT TRIAL DATE:**  09/29/25<br><br>**PROPOSED FPTC DATE:**   04/10/26<br>**PROPOSED TRIAL DATE:**  04/20/26 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Cassie D. Palmer, and defendants STEVEN ARTHUR LANKFORD, GLEN LOUIS COZART, MAX SAMUEL BENNETT TURBETT, and MATTHEW PHILLIP HART, both individually and by and through their respective counsel of record, hereby stipulate as follows:

1. The Indictment in this case was filed on June 23, 2024. The First Superseding Indictment ("FSI") in this case was filed on August 1, 2024. The defendants first appeared before a judicial officer of the court in which the charges in this case were pending on August 12, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 21, 2024.

2. On August 12, 2024, at the defendants' arraignment, the Court set a trial date of October 7, 2024 and final pretrial conference date of September 27, 2024.

3. Pursuant to the parties Speedy Trial Stipulation (Dkt. No. 84), the Court previously continued the trial to September 29, 2025 and the final pretrial conference to September 19, 2025. (Dkt. No. 85.)

4. Defendants are released on bond pending trial. The government estimates that its case-in-chief, including estimated cross examination, in this matter will last approximately ten to fifteen trial days. At this juncture, the defendants have not determined whether they will present a defense and, if so, how long their case(s) will take. All defendants are joined for trial and a severance has not been requested or granted.

5. By this stipulation, the parties move to continue the trial date to April 20, 2026 and the final pretrial conference to conference ("FPTC") to April 10, 2026. This is the second request for a continuance.

//
//

6. The parties jointly request that the Court set the following additional dates (with the hearing/court dates appearing in **bold**):

| Event | Proposed Date |
|---|---|
| SUBSTANTIVE MOTIONS (CIPA): | |
| Substantive Motions, including United States' Classified Information Procedures Act, 18 U.S.C. Appendix III ("CIPA") Section 4 Submissions[1] | 09/19/2025 |
| Responses to Substantive Motions | 10/17/2025 |
| Replies to Substantive Motions (Optional) | 10/31/2025 |
| **Hearing on Substantive Motions (If Needed)** | **11/21/2025** |
| PRETRIAL MOTIONS:[2] | |
| Pretrial Motions (e.g., to Dismiss Indictment, Sever, Compel, Suppress) | 11/21/2025 |
| Oppositions to Pretrial Motions | 12/19/2025 |
| Replies to Pretrial Motions (Optional) | 01/09/2026 |
| **Hearing on Pretrial Motions** | **01/30/2026** |
| TRIAL-RELATED DEADLINES | |
| Gov't Initial Exhibit List to Defense | 02/02/2026 |
| Gov't Charts & Summaries to Defense | 02/02/2026 |
| Meet and Confer re MILS | 02/09/2026 |
| MILs Filing | 02/27/2026 |
| Gov't Proposed Jury Instructions and Verdict Form to Defense | 03/06/2026 |
| MILs Oppositions | 03/13/2026 |
| MILs Replies | 03/20/2026 |
| Defense Responses to Gov't Exhibit List, Jury Instructions, and Verdict Form to Gov't | 03/20/2026 |
| Gov't Transcripts and Translations to Defense | 03/20/2026 |
| Expert Offers of Proof | 04/03/2026 |

---

[1] Any materials produced pursuant to CIPA shall not be subject to any other discovery deadlines.

[2] These motions will be filed on or before these dates. The parties agree that any motions filed earlier than these dates will be subject to the same briefing schedule set forth herein unless otherwise agreed upon by the parties, that is, the motions will be filed nine weeks before the hearing date, oppositions are due five weeks before the hearing date, replies are due three weeks before the hearing date.

| Event | Proposed Date |
|---|---|
| Gov't Exhibit List w/ Defense Objections | 04/03/2026 |
| Gov't Witness List | 04/03/2026 |
| Joint Proposed Jury Instructions | 04/03/2026 |
| Joint Proposed Verdict Form | 04/03/2026 |
| Joint Statement of Case | 04/03/2026 |
| Proposed Voir Dire | 04/03/2026 |
| Joint Case-Specific Glossary | 04/03/2026 |
| Gov't Trial Brief | 04/03/2026 |
| **Final Pretrial Conference** | **04/10/2026** |
| Defense Charts & Summaries to Gov't | 04/06/2026 |
| Defense Exhibit List and Witness List to Gov't | 04/06/2026 |
| Defense Exhibit List with Gov't Objections to Defense | 04/13/2026 |
| Defense Witness List and Exhibit List | 04/17/2026 |
| Gov't Amended Exhibit List and Witness List (If Any) | 04/17/2026 at noon |
| **Trial Date** | **04/20/2026** |

    7.    The parties jointly request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.    Defendants are charged in the FSI with violations of 18 U.S.C. § 1951(a): Conspiracy to Commit Extortion; 18 U.S.C. § 1951(a): Attempted Extortion; 18 U.S.C. § 241: Conspiracy Against Rights; and 18 U.S.C. § 242: Deprivation of Rights Under Color of Law.

        b.    The government has produced discovery to the defense, including approximately 16,000 Bates numbered pages and items, some of which will take a significant time for defense counsel to process, including recordings, transcripts, videos, financial documents, and documents in foreign languages. The government anticipates producing

1  additional discovery to defendants, including items that have
2  recently undergone filter procedures.  Defendants provided the
3  government with two detailed lists of specific discovery requests,
4  and the parties have met and conferred regarding those requests and
5  will continue to do so.  The government anticipates making additional
6  productions to defendants, including via the Classified Information
7  Procedures Act.
8          c.   The government has given notice of its intent to
9  introduce certain evidence under Federal Rule of Evidence 404(b).
10 One of the items of potential 404(b) evidence concerns defendant
11 LANKFORD's actions in 2019.  Defense counsel needs time to conduct an
12 independent investigation of that evidence, and its admissibility
13 likely will require motion practice.
14         d.   Several defendants, as well as some of the victims
15 alleged in the FSI, gave depositions in a civil case.  The parties
16 need to determine what passages of those depositions, if any, are
17 admissible, and if any additional portions of the statements should
18 be introduced under Federal Rule of Evidence 106.  This will require
19 significant time and may require motion practice.
20         e.   Some documents produced in this matter are in the
21 Chinese language.  Some of those documents have been translated, but
22 defendants need to review and verify those translations.  Other
23 documents in Chinese have not been translated, and the parties will
24 need to translate those documents if they intend to use them as
25 exhibits at trial.  Ultimately, the parties will attempt to agree on
26 the translations for any documents they intend to use as trial
27 exhibits; if there are disagreements, however, the parties may need
28

1  to prepare their respective foreign language interpreters as experts
2  to testify at trial and engage in motion practice.
3          f.   Defendants anticipate the possibility of filing
4  motions to sever on several grounds.  One ground for severance -- a
5  motion pursuant to Bruton v. United States, 391 U.S. 123 (1968) --
6  depends upon the government identifying which of defendants'
7  statements it intends to introduce at trial at which time defendants
8  will evaluate the admissibility of such statements and whether a
9  severance motion is appropriate under Bruton.
10         g.   On April 8. 2025, the government filed a Motion under
11 18 U.S.C. App. 3, § 2 to Designate a Classified Information Security
12 Officer in this case and notifying the Court that the United States
13 will invoke the Classified Information Procedures Act ("CIPA"),
14 18 U.S.C. App. 3, in this case.  (Dkt. No. 98.)  The Court granted
15 that Motion on April 10, 2025.  (Dkt. No. 100.)  Despite diligent
16 efforts and preparation on the government's part, the government
17 anticipates needing additional time to complete its review of any
18 materials underlying the CIPA filing, obtaining the necessary
19 approval(s) relating to the CIPA filings, and drafting the CIPA
20 filing.
21         h.   Due to the nature of the prosecution, the number of
22 defendants, and the existence of novel questions of fact or law,
23 including the charges in the FSI, the need for time to accommodate
24 CIPA procedures, possible foreign depositions, the amount of
25 discovery produced to defendants, and other pretrial issues that may
26 need to be litigated, this case is so unusual and so complex that it
27 is unreasonable to expect adequate preparation for pretrial
28

proceedings or for the trial itself within the Speedy Trial Act time limits.

      i.   Several potential percipient defense witnesses are located in foreign countries, including China.  Defendants anticipate requesting foreign depositions, which the government anticipates opposing.  That said, the parties would time to meet and confer further and litigate the issue with the Court.  If granted, the depositions will have to be coordinated with all counsels' schedules, as well as the U.S. State Department and other government agencies, here and abroad.  Defense counsel anticipates that the scheduling, coordination, and taking of foreign depositions may require a significant time commitment.

      j.   Defense counsel for the following defendants also anticipate needing to expend time to prepare for the following matters:

      i.   Counsel for defendant COZART, Marilyn E. Bednarski, presently is scheduled to be in the following trials: (1) <u>Richards v. County of San Bernardino et al.</u>, CV-17-497-HDV, a civil rights trial for a plaintiff who alleges he was wrongfully convicted and imprisonment set for for June 25, 2025, and estimated to last ten days; case was filed on March 16, 2017; multiple continues have been granted; case is ready for trial; summary judgment motions were decided, appealed, and multiple causes of action remanded for trial; current trial date is very likely trial date; and (2) <u>United States v. Lu</u>, CR-23-95-FMO-4, a four-defendant conspiracy to commit wire fraud trial set for on October 21, 2025, and estimated to last two weeks; indictment was filed on March 2, 2023; discovery is voluminous; five continuances previously have been granted; trial is

7

likely to proceed on current date. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

ii. Counsel for defendant TURBETT, Craig Wilke, presently is scheduled to be in the following trials: (1) <u>United States v. Gong</u>, CR-24-127-JFW, a single-defendant theft of trade secrets and false statements trial set for June 24, 2025 and estimated to last eight days; the indictment was filed on February 27, 2024; the case is complex due to the volume and nature of discovery; two continuances have been granted; the parties expect one additional continuance to be granted; the case is not expected to proceed to trial on the current trial date; and (2) <u>United States v. Mecina, et al.</u>, CR-8:24-22-JWH, a single defendant conspiracy to distribute and possess with intent to distribute methamphetamine, distribution of methamphetamine near a school, and distribution of methamphetamine, set for trial on August 25, 2025 and estimated to last four days; the indictment was filed on February 24, 2024; two prior continuances have been granted; no future continuance will likely be requested; case is expected to proceed to trial on current date. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

iii. Counsel for defendant HART, Anthony M. Solis, presently is scheduled to be in the following trials: (1) <u>United States v. Corral, et al.</u> (Sylvia Martinez), CR-25-213-ODW, a four-defendant armed multiple-count Hobbs Act robbery trial currently set for May 27, 2025 and estimated to last five days; the indictment was filed on March 27, 2025; there have been no prior continuances and a

8

further continuance is being contemplated; the parties are not ready for trial; the trial will likely be continued; (2) United States v. Pierce, CR-24-567-SB, a conspiracy to commit wire fraud and aggravated identity theft trial currently set for August 18, 2025 and estimated to last five days; the indictment was filed on September 24, 2024; there has been one prior continuance; a further continuance is not likely, and trial will likely proceed on the current date if not resolved; (3) United States v. Bland, et al. (Abigail Luckey), CR-24-344-JAK-3, a three-defendant armed multiple-count Hobbs Act robbery case trial currently set for September 2, 2025 and estimated to last five days; the indictment was filed on June 4, 2024; there have been no prior continuances; the parties are not ready for trial; a further continuance is being contemplated, and trial likely will be continued to September 2025; (4) United States v. American Premium Water Corporation, et al., CR-1:23-144-JPC (ND-OH), a six-defendant conspiracy to commit securities fraud trial currently set for September 15, 2025 and estimated to last seven days; the indictment was filed March 8, 2023; there have been multiple status conferences and trial was recently set; a further continuance is not being contemplated, and the trial will likely proceed in September 2025; (5) United States v. Laredo, et al., CR-18-892-AB, a 26-defendant RICO/VICAR trial currently set for October 21, 2025 and estimated to last 15 days; the indictment was filed June 4, 2024; there have been multiple prior continuances; a further continuance is not contemplated, and trial will likely proceed in October 2025; and (6) United States v. Hurtado, et al., CR-23-545-AB, a multi-defendant (30 defendants) RICO/VICAR trial currently set for November 17, 2025 and estimated to last 10 days; the indictment was filed on November

9

8, 2023; there have been two prior continuances; the parties are not ready for trial, and a further continuance is not anticipated. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   k. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   l. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   m. The government joins in the request for a continuance.

   n. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 29, 2025 to April 20, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

10

(h)(7)(B)(i), (h)(7)(B)(ii) (h)(7)(B)(iv), (h)(6), because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, the number of defendants, and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 22, 2024                Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Cassie D. Palmer*

CASSIE D. PALMER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1 | I am defendant STEVEN ARTHUR LANKFORD's attorney. I have
2 | carefully discussed every part of this stipulation and the
3 | continuance of the trial date with my client. I have fully informed
4 | my client of his Speedy Trial rights. To my knowledge, my client
5 | understands those rights and agrees to waive them. I believe that my
6 | client's decision to give up the right to be brought to trial earlier
7 | than April 20, 2026 is an informed and voluntary one.

8 | /s/ Richard Steingard                    4/28/25
9 | RICHARD STEINGARD                        Date
  | Attorney for Defendant
10 | STEVEN ARTHUR LANKFORD

12 | I have read this stipulation and have carefully discussed it
13 | with my attorney. I understand my Speedy Trial rights. I
14 | voluntarily agree to the continuance of the trial date, and give up
15 | my right to be brought to trial earlier than April 20, 2026. I
16 | understand that I will be ordered to appear in Courtroom 9B of the
17 | Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
18 | April 20, 2026 at 9:00 a.m. for trial and on April 10, 2026 at 9:30
19 | a.m. for the final pretrial conference.

20 | /s/ Steven Arthur Lankford              04-25-2025
21 | STEVEN ARTHUR LANKFORD                  Date
  | Defendant

13

I am defendant GLEN LOUIS COZART's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 20, 2026 is an informed and voluntary one.

_/s/ Marilyn Bednarksi_      4-28-2025
MARILYN E. BEDNARKSI      Date
Attorney for Defendant
GLEN LOUIS COZART

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 20, 2026. I understand that I will be ordered to appear in Courtroom 9B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on April 20, 2026 at 9:00 a.m. for trial and on April 10, 2026 at 9:30 a.m. for the final pretrial conference.

_/s/ Glen Louis Cozart_      4-28-2025
GLEN LOUIS COZART      Date
Defendant

14

I am defendant MAX SAMUEL BENNETT TURBETT's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 20, 2026 is an informed and voluntary one.

_____   \_\_4/29/25_____
CRAIG WILKE                              Date
Attorney for Defendant
MAX SAMUEL BENNETT TURBETT

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 20, 2026. I understand that I will be ordered to appear in Courtroom 9B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on April 20, 2026 at 9:00 a.m. for trial and on April 10, 2026 at 9:30 a.m. for the final pretrial conference.

_____   \_\_4/29/25_____
MAX SAMUEL BENNETT TURBETT               Date
Defendant

I am defendant MATTHEW PHILLIP HART's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 20, 2026 is an informed and voluntary one.

*Anthony M. Solis*      4-25-2025
ANTHONY M. SOLIS      Date
Attorney for Defendant
MATTHEW PHILLIP HART

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 20, 2026. I understand that I will be ordered to appear in Courtroom 9B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on April 20, 2026 at 9:00 a.m. for trial and on April 10, 2026 at 9:30 a.m. for the final pretrial conference.

[signature]      24 April 2025
MATTHEW PHILLIP HART      Date
Defendant