Name AUSA Robert Keenan
Address 411 West 4th Street, Suite, 8000
City, State, Zip Santa Ana, CA 92701
Phone (714) 338-3597
Fax (714) 338-3708
E-Mail rob.keenan@usdoj.gov

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 24-CR-00527-SVW |
| v. | |
| TREVOR JAMES KIRK, | NOTICE OF APPEAL |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _United States of America_ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**~~Civil Matter~~**

☒ Order (specify):
   Order Denying Motion to Dismiss;
   CR No. 134; Filed on 8-8-25

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ___8-8-25___. Entered on the docket in this action on ___8-11-25___.

A copy of said judgment or order is attached hereto.

8-14-25                                s/ Robert Keenan
Date                                   Signature
                                       ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

Case 2:24-cr-00527-SVW   Document 134   Filed 08/08/25   Page 1 of 11   Page ID #:1333

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS [121]

### I. Introduction

Before the Court is the United States of America's ("the Government") motion to dismiss the indictment against Defendant Trevor Kirk, to vacate the Judgment against him, and to exonerate Defendant's bond. ECF No. 121. For the following reasons, the Government's motion is DENIED.

### II. Background

The Government charged Defendant with violating 18 U.S.C. § 242, alleging that he deprived Jacy Houseton (hereinafter "J.H." or "Victim") of her constitutional right to be free from excessive force under color of law. ECF No. 1. The Court held a three-day jury trial between February 4 and 6, 2025. ECF Nos. 43, 45, 50. The jury returned a guilty verdict.

After trial, Defendant moved to set aside the verdict. The Court denied the motion, finding that the evidence presented at trial was sufficient to support the jury's decision. *See* ECF No. 75.

On May 19, 2025, the Government moved to dismiss the portions of the indictment against Defendant that elevated his charge from a misdemeanor to a felony. Namely, the allegations that Defendant used a dangerous weapon and that his use of force resulted in bodily injury. *See* ECF No. 82. The Government explained that, upon further review of the facts of the case, it believed that Defendant's

:

Initials of Preparer    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

conduct fell on the lower end of the excessive force spectrum and that its arguments at trial were potentially misleading. In addition, the Government also submitted a Rule 11(c)(1)(C) plea agreement in which Defendant stipulated that he would plea guilty to a misdemeanor violation of 18 U.S.C. § 242 and the Government would agree to a sentence of one-year probation.

The Court granted the Government's Rule 48(a) motion but denied the 11(c)(1)(C) plea agreement. ECF No. 103. At sentencing, the Government argued again for a sentence of one-year probation. ECF No. 104. But the Court disagreed and sentenced Defendant to a prison term of four months. ECF No. 109. The Court granted Defendant until August 28, 2025 to self-surrender. *Id.*

Defendant appealed his conviction to the Ninth Circuit. He then moved this Court for bond pending the outcome of his appeal. ECF No. 117. The Court denied Defendant's motion. ECF No. 119.

On July 29, 2025, less than a month before Defendant's self-surrender date, the Government moved again for dismissal under Rule 48(a). But instead of dismissing just the felony portion of his indictment, the Government now moves to dismiss the indictment in full, vacate the Judgment against Defendant, and exonerate his bond. ECF No. 121. Defendant does not oppose. *Id.*

### III. Discussion

**A. Courts can deny Rule 48(a) motions to dismiss if they are contrary to the public interest.**

Rule 48 of the Federal Rules of Criminal Procedure allows the Government, "with leave of court," to "dismiss an indictment" in a criminal prosecution, even after a jury verdict and judgment. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (allowing such dismissal). District courts have only limited discretion to deny Rule 48 motions. *United States v. Gonzalez*, 58 F.3d 459, 461 (1995) (explaining that the district court may exercise its "discretion to deny a prosecutor's uncontested [Rule 48] motion in "exceptional circumstances").

That does not mean, however, that the Court's role under Rule 48(a) is purely ministerial. "Rule 48(a) [does not] intend[] the trial court to serve merely as a rubber stamp for the prosecutor's decision."

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|
| Title | *United States of America v. Trevor James Kirk* | | |

*United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973).[1] Rather, "[t]he rule vests **the courts with discretion** to accept or deny the prosecution's [dismissal] motion." *Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987) (emphasis added). "The purpose of this limited review is to protect against prosecutorial impropriety or harassment of the defendant and to assure that the public interest is not disserved." *Korematsu v. United States*, 584 F. Supp. 1406, 1411 (N.D. Cal. 1984) (citing *United States v. Cowan*, 524 F.2d 504, 507 (5th Cir. 1975).

　　Consistent with this principle, courts may deny Rule 48(a) motions—even when uncontested—"if the motion is prompted by considerations clearly contrary to the public interest."[2] *United States v. Weber*, 721 F.2d 266, 268 (9th Cir. 1983) (citing *Rinaldi*, 434 U.S. at 29 n.15). This is an affirmative requirement on the Government. Indeed, "the court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis." *Ammidown*, 497 F.2d at 620; *see United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988) ("In order to carry out the purpose of [Rule 48], the trial court must be informed of the prosecutor's reasons for dismissing the indictment and the factual basis for the prosecutor's decision."); *United States v. Roblero*, No. 24-cr-79, 2024 WL 994640, at *2 (S.D. Cal. Mar. 7, 2024) (denying the government's Rule 48(a) motion because "the Government's motions provide[d] no justification [for dismissal] beyond the assurance that 'dismissal is in the interest of justice' and that the Government 'believes dismissal is appropriate'").

---

[1] While this is an out-of-circuit precedent, the Supreme Court in *Rinaldi* cited *Ammidown* favorably when holding that courts have discretion to deny Rule 48 motions that are prompted by considerations contrary to the public interest. *See Rinaldi*, 434 U.S. at 29 n.15). The Court therefore views *Ammidown* as persuasive.

[2] Courts also have discretion to deny Rule 48(a) motions by reference to the "leave of court" requirement in the text of Rule 48. But consistent with the "separation-of-powers concerns" surrounding judicial review of Rule 48(a) motions, this "leave of court" requirement affords district courts only limited discretion. As put by the Supreme Court, "[t]he principal object of [Rule 48's] 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). There are no concerns of prosecutorial harassment of Defendant in this case, as he consents to the Government's motion to dismiss.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

Appellate courts have not strictly defined what constitutes "considerations clearly contrary to the public interest." The most detailed framework comes from *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973). There, the D.C. Circuit explained that determining whether a Rule 48(a) motion "adequately protects the public interest" requires evaluating: (1) "fairness to the defense, such as protection against harassment;" (2) "fairness to the prosecution interest, as in avoiding a disposition that does not serve due and legitimate prosecutorial interests;" and (3) "protection of the sentencing authority reserved to the judge." *Id.*

Prior to sentencing, the public interest in deferring to the Executive's prosecutorial discretion favors dismissal. As the Ninth Circuit put it, "[s]eparation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the government would represent an intrusion upon prosecutorial prerogative." *Gonzalez*, 58 F.3d at 461 (1995) (reversing the district court's denial of a Rule 48(a) motion made after a guilty plea but before sentencing).

But after sentencing, courts must consider "the public interest [in] the protection of the sentencing authority reserved to the judge." *United States v. Thorpe*, No. 13-cr-131, 2023 WL 2139399, at *4 (D.D.C. Feb. 21, 2023). For example, in *United States v. Thorpe*, the court denied the government's motion because its purpose was to reduce the defendant's sentence. 2023 WL 2139399, at *6. In *Thorpe*, a jury convicted the defendant and his co-conspirator of kidnapping and related crimes. *Id.* at *1. While the case was on appeal, the government moved to dismiss the claims against defendant under Rule 48(a), arguing that dismissal was warranted because the defendant's "sentence was 'disproportionately' longer than [his co-conspirator's]." *Id.* at *5. The court denied the motion, reasoning that government's "challenge [to] the reasonableness of the sentence imposed [on the defendant]" conflicted "with the public interest implicit in entrusting sentencing decisions to the Judiciary rather than Executive in our constitutional framework." *Id.* at *6.

This is not to suggest that every Rule 48(a) motion filed after sentencing is contrary to the public interest. On the contrary, many such motions are prompted not by disagreement with the court's sentence, but by newly discovered evidence that causes the Government to question whether the jury's verdict was supported by sufficient proof.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

*United States v. Weber*, 721 F.2d 266 (9th Cir. 1983) is one such example. There, a jury convicted the defendant at trial of conspiracy to defraud the government. *Weber*, 721 F.2d at 267. While the case was on appeal, an assistant United States Attorney interviewed the defendant and learned new facts that did not come out during trial. *Id.* at 268. These new facts led the Assistant United States Attorney to "develop a serious and substantial doubt as to [the defendant's] guilt." *Id.* The Government accordingly made a Rule 48(a) motion to dismiss the case, but the district court denied the Government's motion. *Id.*

The Ninth Circuit held that the district court abused its discretion in denying the Government's motion. *Id.* It held that "[s]eeking dismissal because of the existence of . . . reasonable doubt" as to the guilt of the defendant "was not 'clearly contrary to the public interest.'" *Id.*; *see also Rinaldi*, 434 U.S. at 29 (holding that Rule 48 dismissal after a jury verdict was not contrary to the public interest where motivated by the government's *Petite* policy against duplicative federal prosecutions following state convictions for the same offense).

**B. On this record, the Court finds that the Government's Rule 48(a) motion is motivated by disagreement with the Court's sentencing decision.**

Here, the record reflects that the Government's newest Rule 48(a) motion is motivated not by the discovery of new evidence or reconsideration of the case, but by disagreement with the Court's decision to sentence Defendant to four months in prison.

The Government admitted as much at the Court's August 4, 2025 hearing on this motion. At the hearing, the Court asked the Government why it was moving to dismiss the case. More specifically, it asked why move to dismiss the entire indictment now given that the Government could have done so back in May, and yet chose to only dismiss the felony charge. The Government explained that when they decided to move to dismiss only the felony charge, rather than the entire case, they did so on the premise that Defendant would serve no jail time. But after the Court rejected the Rule 11 sentencing agreement and sentenced Defendant to four months, the Government opted to dismiss the entire indictment, as any prison sentence would be, in the Government's words, "unreasonable and . . . intolerable." Gov. Mot. to Dismiss at 3, ECF No. 126. In short, the Government moved to dismiss because the Court sentenced Defendant to four months in prison rather than one year probation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

    To be sure, the Government cited its "misgivings" and "discomfort" with Defendant's conviction as reason to dismiss the case. But this explanation is inconsistent with record. If the Government truly thought that Defendant's conviction was not supported by adequate evidence, it could have moved to dismiss the entire case back in May. It did not do so. Since then, nothing has changed. The Government did not uncover any new evidence. Nor did it develop any new reasons to disagree with the jury's verdict.³

    In fact, at the May 19, 2025 hearing, the Government took the position that the evidence ***was sufficient*** to support an excessive force conviction, just not strong enough to warrant a felony charge. At that hearing, the Government explained that it filed its motion because, after reviewing the evidence, it believed a felony charge "was disproportionate in light of the circumstances that Deputy Kirk was facing." Transcript from the Court's May 19, 2025 hearing 42:22-43:9 ("May 19 Tr."). Critically, the Government made clear that it still believed Defendant used excessive force, just not to a degree warranting a felony conviction. The hearing transcript leaves no doubt on this point:

> The Court: So what you're now arguing to me sounds like – and correct me if I'm not stating your position correctly – that ***you're not arguing that you have substantial doubts about his guilt***. You're saying that ***even though he was guilty***, it met the requirements of the statute, that the facts in this case were not so severe that the Court ought to say that the Government can't revisit the case and exercise its discretion to strike the felony.
>
> Mr. Kennan: ***Correct***. Talking about the minimal, ***though excessive*** – and it's because the use of force here was ***just barely excessive*** – and I do think it was disproportionate in light of the circumstances that Deputy Kirk was facing.

May 19 Tr. 42:22-43:9.

---

³ The Court asked the Government: "Why are you moving to dismiss the case at this point?" The Government responded: "Well, your Honor, the reasons get to ***essentially the same comments I made in support of the government's original motion*** for a Rule 48 motion to strike." Transcript from the Court's August 4, 2025 hearing ("August 4 Tr.") (emphasis added). The Government then repeated an almost shot-for-shot remake of the arguments it made in support of its first Rule 48(a) motion and in support its sentencing position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

There is no reason to believe the Government's position on this point has changed. The Government has uncovered no new evidence and presents no new arguments.

Ultimately, nothing of substance has changed since the Government filed its first motion—except the sentence. At the August 4, 2025 hearing, the Government admitted that this sentence was the deciding factor when in bringing the current motion and acknowledged that it would have sought dismissal of the entire case back in May had it known Defendant would face prison time. The record therefore shows that this motion is aimed at preventing Defendant from serving the Court's chosen sentence of four months imprisonment. *See* Gov. Mot. to Dismiss at 3 (describing the prospect of Defendant serving a prison term as "unreasonable" and "intolerable").

### C. The Government's Rule 48(a) motion is contrary to the public interest.

On these particular facts, the Government's Rule 48(a) is motion contrary to "'the public interest' [in] the 'protection of the sentencing authority reserved to the judge.'" *Thorpe*, 2023 WL 2139399 at *4 (quoting *Ammidown*, 497 F.2d at 622). The motion is a direct attempt to override the Court's decision to sentence Defendant to four months in prison. Indeed, after the Court rejected its request for probation and imposed a custodial sentence, the Government responded by seeking to dismiss all charges—ensuring Defendant serves no time at all. Put simply, the Government disagrees with the Court's sentencing decision and is using Rule 48(a) to erase it. It has even acknowledged that this is its reason for seeking dismissal.

Using Rule 48(a) in this way is contrary to the public interest. "[T]he government cannot circumvent the Court's sentencing authority by waiting until after a sentence has been imposed to selectively dismiss charges with the goal of obtaining a desired result." *See Thorpe*, 2023 WL 2139399 (denying a Rule 48(a) motion where the government moved to dismiss all charges after sentencing because it believed that the defendant's sentence was "disproportionately longer" than his co-conspirator's); *see also United States v. Olvero-Hernandez*, No. 11-cr-2798, 2012 WL 1068979, at *2 (S.D. Cal. Mar. 29, 2012) (holding that using a Rule 48(a) motion to "circumvent" the Court's denial of the government's motion to withdraw a guilty plea was "clearly contrary to the manifest public interest" because it "undermine[d] the authority of the Court"); *United States v. Freedberg*, 724 F. Supp. 851, 856 (D. Utah 1989) (denying a Rule 48(a) motion made after a guilty plea but before sentencing because dismissal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

"would constitute violation of principles of separation of powers," as it would "interfere[e] with *judicial* discretion") (emphasis in original).

This reasoning aligns with core separation of powers principles. "Sentencing responsibility is committed to the judicial, not executive branch of government." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015). When the Government uses a Rule 48(a) motion to circumvent a court's sentence, it intrudes on the judiciary's exclusive sentencing authority and erodes the separation of powers. And because "the doctrine of separation of powers is vital for constitutional government," a motion that undermines it is, by definition, contrary to the public interest. *Chadha v. Immigr. & Naturalization Serv.*, 634 F.2d 408, 421 (9th Cir. 1980).

To be clear, the Court recognizes that separation of powers concerns "generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge." *Gonzalez*, 58 F.3d at 462. But those concerns peak "when criminal charges are pending," during which time "the discretion of Executive is at its height—and the discretion of the judiciary at its nadir." *Thorpe*, 2023 WL 2139399, at *4.

But once sentencing is complete, as is the case here, the justification for deferring to prosecutorial discretion wanes. At that point, the Government has already exercised its discretion to bring charges, try the case, and advocate for a sentencing position. In other words, by the Court imposes a sentence, there is simply not much prosecutorial discretion left to exercise. "By that stage of an investigation, the Government has already expended whatever investigative and prosecutorial resources were dedicated to the case and stands to reap no benefit by walking away from a successful prosecution." *See Thorpe*, 2023 WL 2139399, at *6. By contrast, "the discretion of the Judiciary is at its height at sentencing, which necessarily follows the resolution of the underlying charges." *Id.* at *4 (citing *Ammidown*, 497 F.2d at 619). This discretion to choose and "impose a sentence" carries with it "the authority to order that sentence to be carried out, barring the exercise of the pardon power or enactment of legislation requiring a different result." *Id.*

Of course, the Executive's interests are not automatically subservient to the Judiciary's once a sentence is imposed. There are still circumstances in which the Executive's "duty . . . to do justice" takes precedent over the Judiciary's interest in its sentences being carried out. *Weber*, 721 F.2d at 268. For example, in cases like *United States v. Weber*, the government's charging authority may outweigh the

:

Initials of Preparer            DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

Judiciary's interest in enforcing its sentence if "new information" creates "substantial reasonable doubt as to the guilt of the defendant." 721 F.2d at 268.

That is not the case here. The Government has not uncovered new evidence. It brings no new arguments in favor of dismissal.

*Weber* leaves open the possibility that the Government may, in its discretion, dismiss a case on appeal even without learning "new information," so long as it harbors "substantial reasonable doubt as to the guilt of the defendant." *See id.* While the government in *Weber* developed such doubt after discovering new information post-trial, the court did not limit its holding to that specific circumstance. Accordingly, given the wide discretion given to the Executive to decide whether to prosecute—which arguably includes the discretion to continue to prosecute a case on appeal—there is a plausible argument that the Executive can dismiss cases after sentencing if it holds substantial doubts as to the defendant's guilt. *See id.*

But the Court need not resolve that question, because the record shows that the Government does not harbor "substantial reasonable doubt" as to Defendant's guilt. The Government said so itself. At the May 19, 2025 hearing, the Government affirmed that it was "not arguing that [it] [has] substantial doubts about [Defendant's] guilt." May 19 Tr. 42:22-43:9.

Instead, the record shows that the Government brings this motion to overrule the Court's sentencing decision. This is not speculation or inference—it is the Government's stated position. It explicitly argued that prison time for Defendant would be "unreasonable" and "intolerable," and that if it had known that prison time was on the table, it never would have moved to dismiss only the felony charges. In other words, unlike the prosecutors in *Weber,* the Government did not bring this motion to "do justice;" it did so to ensure that it's sentencing position, not the Court's, takes effect. *See* 721 F.2d at 268. And "[a]lthough the Government does have the power and discretion to prosecute, dismissing proceedings after adverse rulings by the Court seriously undermines the authority of the Court and is definitely against the interests of the public." *United States v. Olvero-Hernandez*, No. 11-cr-2798, 2012 WL 1068979, at *2 (S.D. Cal. Mar. 29, 2012).

To be sure, at the August 4, 2025 hearing, the Government briefly uttered the magic words: that the evidence at trial was insufficient to support the verdict. The Government, however, offered no

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

explanation for its claim. It did not identify any gaps in the evidence or any reason why the evidence was insufficient.

Instead, the Government's critique at the August 4, 2025 hearing focused not on the sufficiency of the evidence, but on the purported misleading nature of its own arguments at trial. But the Court heard those arguments. They were not so misleading as to retroactively render the trial evidence insufficient to support the verdict. Tellingly, this was **the Government's** position just four months earlier, when it opposed Defendant's motion for acquittal. ECF No. 68 (vigorously arguing that the Government's trial arguments were not misleading). Ultimately, as explained above, the record is clear: the Government has no doubts about Defendant's guilt—it simply disagrees with the Court's sentence.

The Government seems to argue that, regardless of its motives, its prosecutorial discretion alone is enough to justify granting a Rule 48(a) motion under any circumstances, especially if the Defendant consents. When pressed to reconcile that view with the appellate courts' requirement that Rule 48(a) dismissals not be contrary to the "public interest," the Government argued that the public interest is "what the government says is the public interest in this courtroom." *Id.*

The Government is wrong—at this stage, it does not have unbounded discretion to dismiss cases. The history of Rule 48(a) makes that clear. "Rule 48(a) has its antecedents in the common law doctrine of *nolle prosequi*," a common law doctrine allowing prosecutors to cease prosecution. *Korematsu v. United States*, 584 F. Supp. 1406, 1410 (N.D. Cal. 1984). Under that doctrine, prosecutors had exclusive control over charging decisions only "at the early stages of the proceedings, and could enter a *nolle prosequi* "at any time before the jury was empaneled." *Id.* at 1410-11. But "once a sentence had been handed down," the prosecutor's "unilateral right . . . was . . . extinguished." *Id.* at 1411.

Rule 48(a) codified these principles but also "place[d] some fetters on prosecutorial discretion." *Id.* Specifically, it added the requirement that prosecutors obtain "leave of court" before dismissal—an addition the Advisory Committee called a "change [to] existing law." Fed. R. Crim. P. 48(a) Advisory Committee Note 1(a). Because *nolle prosequi* never allowed prosecutors to unilaterally dismiss after sentencing, it follows that Rule 48(a)—which is based on *nolle prosequi* and even more restrictive—does not grant such unilateral authority either.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Criminal MINUTES - GENERAL

| Case No. | 2:24-cr-00527-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *United States of America v. Trevor James Kirk* |
|---|---|

To the extent the Government concedes that the Court could ever deny a Rule 48(a) motion, it argues that such action is only permitted in cases involving prosecutorial harassment. But again, not so. In *Rinaldi*, the Supreme Court explained that courts can deny Rule 48(a) motions in two different circumstances: first, "to protect a defendant against prosecutorial harassment;" and second, "if the motion is prompted by considerations clearly contrary to the public interest." 434 U.S. at 29 n.15. That the Court separated the "public interest" limitation from the "prosecutorial harassment" limitation shows that the latter is not the only basis for denying a Rule 48(a) motion.

Finally, the Government is not correct that the "public interest" is defined in the eyes of the Executive branch. Nothing in *Rinaldi* or *United States v. Ammidown*—the case *Rinaldi* cited when reaffirming the public interest limitation to Rule 48(a)—demonstrates an intent for the Executive to define "public interest" by its own terms. *See* 497 F.2d at 622. To the contrary, *Ammidown* expressly provides: "we do not think Rule 48(a) intends the trial court to serve merely as a rubber stamp for the prosecutor's decision." *Id.* Instead, "the judge should be satisfied that the agreement adequately protects the **public interest**," not just the interest of the Executive. *Id.* (emphasis added).

In sum, even considering the significant discretion afforded to prosecutors to decide whether to bring or maintain a case, the Court may deny a Rule 48(a) motion when dismissal is clearly contrary to the public interest. This is such a case. The record shows that the Government filed this motion to overturn the Court's four-month prison sentence for Defendant. A post-sentence Rule 48(a) motion aimed at undermining the Judiciary's sentencing authority violates separation of powers principles, and, for that reason, is contrary to the public interest.[4]

### IV. Conclusion

For the foregoing reasons, the Government's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

---

[4] This does not leave the Government without options if it truly believes Defendant should not serve prison time. Like in any criminal case, the Executive may exercise its pardon power to relieve Defendant of his sentence. That power is "unlimited" and, unlike Rule 48(a), is not subject to judicial review for whether it is contrary to the public interest. *See Ex Parte Garland*, 71 U.S. 333, 380 (1866).

|  | : |
|---|---|
| Initials of Preparer | DT |